# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3662

_____

United States of America

*Plaintiff - Appellee*

v.

Reginald Creshawn Doss

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: October 19, 2023
Filed: December 1, 2023
[Unpublished]

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

A jury found Reginald Doss guilty of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). On appeal, Doss argues that his conviction violates the

Second Amendment, there was insufficient evidence to convict him, and the district court[1] should have excluded prior-bad-acts evidence.  We affirm.

## I.

We begin with the Second Amendment challenge.  In Doss's view, the federal statute criminalizing possession of firearms by felons, 18 U.S.C. § 922(g)(1), is unconstitutional after *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), both on its face and as applied to him.  Although the law in this area is still in flux, we have already rejected this argument in two recent cases.  *See United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) (concluding that 18 U.S.C. § 922(g)(1) is facially constitutional); *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) (cutting off as-applied challenges to the statute).  Together, they spell the end for Doss's constitutional challenge.[2]

## II.

Doss's sufficiency challenge fares no better.  "We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the verdict."  *United States v. Streb*, 36 F.4th 782, 790 (8th Cir. 2022).

The main problem, according to Doss, is that the key witness against him, a police officer in pursuit, was in no position to see whether he threw a gun.  The flaw

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

[2]Even if he could bring an as-applied challenge, he would not succeed.  His lengthy criminal record includes over 20 convictions, many of them violent.  It is safe to say that Doss is dangerous.  *See United States v. Jackson*, 85 F.4th 468, 470–72 (8th Cir. 2023) (Stras, J., dissenting from denial of reh'g en banc) (explaining that, based on Founding-era history, the government can strip "dangerous" individuals of their firearms).

in this theory is that the jury fully considered this line of argument and rejected it, presumably because it believed that the other evidence did not rule out the officer's account. We have long held that these types of "credibility determinations are well-nigh unreviewable because the jury is in the best position to assess the credibility of witnesses." *United States v. Trotter*, 837 F.3d 864, 868 (8th Cir. 2016) (citation omitted).

Besides, there was plenty of additional evidence establishing Doss's guilt. First, Doss reached into his fanny pack for what could have been a gun before he took off running. Second, the surveillance footage shows Doss running by the dumpster where officers later located the gun. Third, body-camera audio included a contemporaneous statement from the pursuing officer that Doss had thrown a gun. And fourth, the magazine's baseplate was found broken, consistent with someone having thrown it. The point is that the jury had enough evidence to find Doss guilty without directly relying on the officer's testimony at trial.

### III.

Doss's challenge to the admission of prior-bad-acts evidence also runs up against the mountain of evidence we just discussed. We review the "decision to admit" it for an abuse of discretion. *United States v. Henderson*, 613 F.3d 1177, 1182 (8th Cir. 2010) (citation omitted). Even if the evidence was inadmissible, we "will not reverse a conviction if [the] error was harmless." *United States v. Aldridge*, 664 F.3d 705, 714 (8th Cir. 2011) (citation omitted).

Any error in admitting Doss's prior firearms conviction and two social-media videos of him holding a gun was harmless. There was, as we mention above, overwhelming evidence of Doss's guilt, so the prior-bad-acts evidence could not have had a "substantial influence on the jury's verdict." *Id.* (citation omitted).

IV.

We accordingly affirm the judgment of the district court.

_____